### CAPPELL, Appellant, v. GLANDER, Appellee.

Board of Tax Appeals.

No. 16464.   Decided December 8, 1949.

Victor Jacobs, Dayton, for appellant.
W. H. Annat, Asst. Atty. Genl., Columbus, for appellee.

### OPINION

This is an appeal by Carl L. Cappell, filed herein under date of July 29, 1949, from final assessment orders and final

assessment certificates of the Tax Commissioner on and with respect to personal property of the appellant for the tax years 1934 to 1948, inclusive.

Said matter was heard and submitted on the transcript of proceedings before the Tax Commissioner, the evidence and briefs of counsel.

There are two matters for consideration by this Board. The first is: Is the furniture used in renting furnished apartments used in business and, therefore, subject to a personal property tax? Second: Did the Tax Commissioner exceed his authority in making final tax assessments on July 5, 1949, for the years 1934 to 1946, both inclusive, on property that the appellant had failed to return for taxation?

The appellant contends that the items assessed by the Tax Commissioner are furniture used as a part of furnished apartments, the rental for said furnished apartments being fixed and charged as rental for the occupancy of an apartment and not as tangible personal property used in the course of business. As to this the evidence shows that in 1935 the appellant rented apartments for $30.00 per month each and made a separate charge of $10.00 per month for the furniture therein. Thereafter someone told him he would be compelled to pay a sales tax if he made a separate charge for the furniture and for the apartment. Thereafter, to avoid payment of this tax, he did not make a separate charge for the furniture from the apartment. However, if an unfurnished apartment was remodeled or furnished he increased the rent therefor and this applied to all of the apartments in question.

The Board is of the opinion, and does so find, that the furniture in question was used in business and, therefore, subject to the personal property tax.

As to the second question in dispute (that is, whether the Tax Commissioner exceeded his authority in making a final tax assessment on July 5, 1949, on property of the appellant, for the years 1934 to 1946, inclusive, that the appellant had failed to return for taxation), the appellant contends that the authority of the Tax Commissioner in making the assessment under §5395 **GC**, in the year 1949 was limited by §5377 **GC**, which provides:

"Each preliminary assessment certificate, and if amended such preliminary assessment certificate as last amended shall become final on the second Monday of August of the second year after the certification of the preliminary assessment certificate. * * *."

This would be true if the appellant had listed the above items of furniture in his return of taxable property and the Tax Commissioner had made a preliminary assessment and no appeal had been taken and no final assessment certificate had been issued or the taxpayer had waived such time limit, but in this case the appellant failed to list the furniture, in any of his returns, for taxation in the years 1934 to 1946, inclusive. Therefore, the Tax Commissioner had the authority to make said assessment under the provisions of §5394 GC, which reads, in part, as follows:

"The decision of the commissioner upon such application for review or redetermination shall be final with respect to the assessment of all taxable property listed in the return of the taxpayer and shall constitute to that extent the final determination of the commissioner with respect to such assessment; but nothing herein shall be so construed, nor shall the final judgment of the board of tax appeals or any court to which such final determination may be appealed be deemed to preclude a subsequent assessment in the manner authorized by law of any taxable property which such taxpayer failed to list in such return or which the assessor has not theretofore assessed."

It will be seen by this section that the Tax Commissioner is not precluded from making a subsequent assessment, in the manner authorized by law, of any taxable property which a taxpayer fails to list in a return or which has not theretofore been assessed; and the only limitation to his authority in this chapter is found in §5377 GC, which does not apply to property not listed by the taxpayer.

The Board, therefore, finds that the furniture of the appellant was used in business and is, therefore, subject to personal property tax and that the Tax Commissioner had authority to make an assessment on said property not listed by the taxpayer.

The finding of the Tax Commissioner in making the assessment against the appellant for the years 1934 to 1946, inclusive, is, therefore, sustained.